UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   5:22-cv-00857-PA (SK) | Date: June 27, 2022 |
| Title   Noy Estul Boukes v. Jeff Lynch | |

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**        (IN CHAMBERS) **ORDER TO SHOW CAUSE**

    Petitioner is a California state prisoner sentenced under California's three strikes law to life in prison without the possibility of parole plus additional years for prior prison-term and firearm enhancements. (ECF 1 at 2). On appeal, the California Court of Appeal remanded for resentencing to strike the prior prison-term enhancements and to require further proceedings on two gang-related jury findings. *See People v. Boukes*, 2020 WL 7089991 (Cal. Ct. App. Dec. 4, 2020). After the California Supreme Court denied review of that decision (Cal. Sup. Ct. Case No. S266499), the Superior Court resentenced Petitioner in April 2021. (Riverside Super. Ct. Case No. BAF1600917; ECF 3 at 2).[1] Dissatisfied with his new sentence, Petitioner timely appealed again to the Court of Appeal in May 2021. (*Id.*). That appeal remains pending. (Cal. Ct. App. Case No. E077058). Meanwhile, in May 2022, Petitioner filed here a petition under 28 U.S.C. § 2254 challenging his state convictions. At the same time, he moved to stay this action under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), while he exhausts two claims in his pending state appeal. (ECF 3 at 2-6). Petitioner has come to federal court too early.

    For starters, the Court must refrain from entertaining his federal petition under *Younger v. Harris*, 401 U.S. 37, 45-46 (1971), while his appeal from his resentencing is pending in the California Court of Appeal. *See Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019); *Edelbacher v. Calderon*, 160 F.3d 582, 583-86 & n.5 (9th Cir. 1998); *Smith v. Asuncion*, 2019 WL 7938220, at *2-3 (C.D. Cal. Aug. 6, 2019), *adopted by* 2019 WL 7937983 (C.D. Cal. Oct. 29, 2019). And when *Younger* abstention is required for a federal habeas petition, as it is here, the petition must be dismissed without prejudice. *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988); *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

---

[1] The Court takes judicial notice as needed of Petitioner's state court proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:22-cv-00857-PA (SK)                              Date: June 27, 2022

Title      Noy Estul Boukes v. Jeff Lynch

    Petitioner's request for a *Rhines* stay is thus premature as well.  A *Rhines* stay would be needed only if Petitioner's unexhausted claims might otherwise be untimely by the time he finishes exhausting his claims in state court.  *See* 544 U.S. at 277-78.  But so long as his second appeal is pending, there is no final state court judgment that would trigger the start of the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d); *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (per curiam).  The one-year clock would not start, in fact, until after the California Court of Appeal resolves Petitioner's pending appeal *and* any subsequent appellate proceedings are completed (or the time to pursue such proceedings has expired).  *See* 28 U.S.C. § 2244(d)(1)(A); *Villaneda v. Tilton*, 432 F. App'x 695, 695 (9th Cir. 2011); *Lammers v. Hutchins*, 2019 WL 1771658, at *3 (C.D. Cal. Mar. 5, 2019).

    For these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **July 21, 2022**, why this action should not be dismissed without prejudice.  Petitioner may satisfy this order by voluntarily dismissing this action, using the attached Form CV-09, without prejudice to refiling after final judgment has been entered and all claims exhausted.

    **If Petitioner files no timely response to this order or notice of voluntary dismissal, the Court may recommend involuntary dismissal of this action for failure to prosecute.**  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

    **IT IS SO ORDERED.**